## J. W. Fowler and T. S. Atkins v. The State.

### No. 4666. Decided June 29, 1917.

**1.—Failing to Keep Register of Automobile—Punishment—Invalid Statute.**

Upon trial of the offense of operating a repair shop, etc., for the purpose of repairing automobiles under the recent Act of the Thirty-fifth Legislature, page 368, under which defendant was convicted for failing to keep a register, etc., of said automobile. Held that said act is invalid in as much as no punishment is denounced against any citizen of this State, and only applies to a garage, workshop, repair shop, etc., and not to any person, and the word garage is not synonymous with person or citizen.

**2.—Same—Secretary of State—Certification of Enrolled Bill.**

Where the Secretary of State complied with the law in publishing and certifying the enrolled bill passed by the Legislature, with all such grammatical and other errors as it contained, it must be held to be correctly certified and reported.

Appeal from the County Court of Travis. Tried below before the Hon. D. J. Pickle.

Appeal from a conviction of a violation of the automobile law passed by the Thirty-fifth Legislature, requiring the registration of automobiles, etc.; penalty, a fine of twenty-five dollars.

The opinion states the case.

*R. B. Humphrey,* for appellants.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellants were charged with a violation of the recent Act of the Legislature, found on page 368, as certified by the Secretary of State. It provides, "Every repair shop of whatsoever kind, or garage, within this State, engaged in the repairing, rebuilding or repainting of automobiles of every description; or any repair shop, within the State, engaged in electrical work in connection with automobiles of every description, shall keep a well bound book in which they shall register, in an intelligent manner, each and every material repair or change in or on any automobile or automobiles of every description." The second section sets out what this register shall contain; and the fourth section provides that the failure of any garage, repair shop or electrical shop engaged in electrical work in connection with automobiles of every description, to keep a proper and intelligent register, as required in this act, or the failure to allow an inspection of said register by any person or persons desiring to do so, shall be guilty of a misdemeanor when a complaint has been duly made before the proper officer authorized under the law to receive complaints for misdemeanors, and then prescribes the punishment.

It will be noticed that nowhere within the terms of this Act is a punishment denounced against any citizen of this State. It applies only to a garage and such things as are mentioned in the quoted Act. Appellants were charged with operating a repair shop and garage at a designated point in Austin for the purpose of repairing and rebuilding automobiles of every description. This is alleged to have occurred on the 20th day of June, 1917; and it is alleged they failed to keep this register. It will be noticed under no terms or phase of this Act of the Legislature does it apply to persons. The whole thing has entire reference to garages, repair shops and electrical works, etc. The punishment is not denounced against anything except those defined in the Act. It is a fundamental rule, and expressly so by the Act of the Legislature as found in the Penal Code, that words are to be taken in their ordinary acceptation and as commonly understood. Article 10, P. C. (1911), contains this language: "Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject

matter relative to which they are employed." Article 9, P. C., reads as follows: "This Code, and every other law upon the subject of crime, which may be enacted, shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects; and no person shall be punished for an offense which is not made penal by the plain import of the words of a law."

Following these rules, taking the language employed and its meaning, it will be readily seen and observed that by no sort of ordinary language such as is commonly understood can a garage be a person, nor is the individual citizen of Texas to be regarded by the language of this statute as a repair shop or electrical works. He may be the manager or owner, but he is not the shop,—he is not the garage. It will be observed further the Legislature does not undertake, which perhaps they might have done had they desired, to define a garage with such meaning as would do violence to the ordinary language and understood words. It can not be held with any degree of accuracy that the word "garage" is synonymous with "person" or a "citizen." Sometimes · where ambiguous language is used by the Legislature, looking to the whole Act it may be held that the language conveys or includes things not specifically designated, but this is a stretch of the rule or construction unless the Legislature has specially so defined it. Recognizing the fact, however, that perhaps a garage and an individual are different things, or that a repair shop is not a human being, they did not undertake to make a garage, repair shop and electrical works synonymous with the term citizen or a person. This law would not justify, from this viewpoint, the complaint and information. We have a law also to the effect, that before a man can be punished in Texas there must be an offense defined by the Legislature, and it must affect the individual and include him within its terms. No one looking at this statute would undertake to believe that by the plain import of the language in which it is written that a garage would be an individual or a citizen.

It will be noticed that in certifying the compilation of the Acts of the Legislature to be as they appear before him and of record in his office, the Secretary of State, among other things, states:

· "The laws printed in this volume are true copies of the enrolled bills received in the office of the Secretary of State after their approval by the Governor.

"Grammatical errors, misspelled words, punctuation, duplications, etc., appearing herein, are in strict compliance with the law which requires that the printed Acts of the Legislature be true copies of the enrolled bills and are not the result of carelessness on the part of proof readers or printers.

"The public can have access at any time to the original bills filed in this office."

This is not intended to be a criticism of the Legislature for the

matters indicated in said note, but as a protection to the Secretary of State and those who had charge of publishing bills passed by the Legislature. So it will be seen from the above statement that this Act is precisely as the Legislature passed it with whatever grammatical errors, inaccuracies or incongruities there may be in it. So there was no mistake in placing the Act as approved by the Governor into the Acts of the Legislature as reported by the Secretary of State.

The judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*